Peck, J.,
delivered the opinion of the court:
These are three claims presented for cotton, all based upon the same testimony. Stern & Oppenheimer, by that name and description, sue to recover the proceeds of twenty-eight bales of upland cotton, alleging in their petition that they have never in any way voluntarily aided, abetted, or encouraged the late rebellion against the authority and Government of the United States.
Karl M. Oppenheimer in his own behalf claims the proceeds of eight bales of sea-island cotton and eleven bales of upland cotton.
Jacob Stern makes a like claim for six bales of sea-island cotton. Each of the individual petitions has the same averment of loyalty that is stated in “their joint petition.
In order to establish the fact that they have not given aid or comfort to the rebellion, these claimants have examined some ten witnesses, each of whom professes to have had intimate personal relations with one or both of the claimants, and so became informed of the true character of each as to loyalty *597 and allegiance to tbe government of tbe United States. These witnesses state that they bad not knowledge that tbe claimants ever voluntarily aided tbe rebellion. Most of these witnesses did not reside where tbe claimants did, for any considerable time during tbe existence of tbe rebellion, and tbe intimacy between tbe witnesses and claimants could not have been so close as to give tbe former a full knowledge of tbe daily walk of tbe latter, or of their conduct.and actions throughout tbe rebellion. Tbe intimacy with claimants alleged by the .witnesses as existing could not have been real, and has tbe appearance of pretence, put forward by them with tbe intention of creating a belief in tbe loyalty of claimants, which their conduct does not justify. Either the intimacy stated as existing did not in fact exist, or tbe claimants’ witnesses sadly failed in their recollection of tbe conduct of claimants, as connected with tbe rebellion.
These witnesses by their testimony endeavor to create a belief in tbe minds of tbe court that tbe only aid or encouragement tbe claimants gave to tbe rebellion was after it bad been for some years in progress; and then only after they bad been conscripted, and that no other aid was given until after that event and under compulsory circumstances.
If other testimony in tbe record is t.o be credited, this was at least a mistake, of which tbe claimants wrere aware if their witnesses wrere not; and by placing tbe statements of tbe latter in tbe record which -were inconsistent with tbe truth, tbe claimants attempted to mislead tbe court, and to obtain a judgment to which they'- were not entitled.
Tbe evidence for tbe defence establishes tbe fact that both of. tbe claimants] early in tbe rebellion, were in arms in its support. Tbe witness states circumstantially when and where they were in arms, and under whose command. If be was mistaken in any respect, it was easy for tbe claimants to contradict bis statements, or to show that themselves had been, at tbe time named by tbe witness, forced into the service, if tbe fact was so. This they have not done, and only offer as an excuse that they entered tbe rebel service in obedience to public clamor.
We prefer to rely upon tbe positive statements of a witness ar.impeached and uncontradicted, who speaks of what be saw, rather than rest upon the inferences and presumptions of sev *598 eral witnesses, .as to tbe loyalty of these claimants. The one witness is positive and direct, and bis testimony should outweigh that of others whose testimony embodies their conjectures only and is moreover not without suspicion.
Not having rebutted or explained the testimony against them produced by the defendants, the claimants have failed to satisfy the court that they never gave any voluntary aid or comfort to the rebellion; and therefore their petitions are dismissed.